IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02179-BNB

CLAUDIA (CLAUDE) E. BURTON III,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director C.D.O.C, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -7 2009

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

I. Background

Applicant Claudia (Claude) E. Burton III is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado. Ms. Burton initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Ms. Burton is challenging the validity of her conviction and sentence in case number 01CR2210 in the Adams County District Court.

In an order filed on November 5, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), if Respondents intend to raise either or both

of those defenses. On November 24, 2008, Respondents filed their Pre-Answer Response. Ms. Burton filed a Reply on December 5, 2008.

The Court must construe liberally the Application and Reply filed by Ms. Burton because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court deny the Application and dismiss the action.

Ms. Burton pled guilty to sexual assault on a child and was sentenced, on October 3, 2002, to eight years to life of incarceration in the DOC. Applicant did not file a direct appeal, but she has filed several postconviction motions, including a motion to withdraw her plea on February 5, 2003, a motion for reconsideration on May 22, 2003, a motion to dismiss or vacate her plea on July 28, 2003, a petition to void illegal sentence on June 28, 2004, a motion to withdraw plea on March 23, 2006, a petition objecting to Adams County Court's jurisdiction on July 12, 2007, a motion for sentence reconsideration n September 27, 2007, and a motion to set aside conviction and sentence on July 24, 2008. (Pre-Answer at Ex. A.)

Ms. Burton asserts two claims for relief in her Application, including, a claim of ineffective assistance of counsel with respect to her plea agreement, and a Fifth Amendment self-incrimination claim regarding Colo. Rev. Stat. § 18-1.3-1004(3).

2

## II. Analysis

### A. 28 U.S.C. § 2244(d) Time-Bar

Respondents do not waive the defense of untimeliness. They argue that although Applicant had a Rule 35(b) motion pending in state court from May 22, 2003, until June 9, 2008, there is a question of whether the motion was deemed abandoned prior to June 9, 2008, because Applicant failed to diligently pursue her claims. (Pre-Answer at 4.)

Ms. Burton claims in her Reply that she continuously filed Rule 35(b) reconsideration motions and not once did the trial court consider her Rule 35(b) motion abandoned. (Reply at 5.) She also attached to her Application a copy of the trial court's June 9, 2008, order in which the trial court assumed jurisdiction and did not make a finding that Applicant's Rule 35(b) motion had been abandoned. (Nov. 3, 2008, Application at Attachs.) The Court, therefore, finds that Ms. Burton's sentence and conviction became final on March 13, 2003. *See* Colo. App. R. 4(b)(1). She filed a Rule 35(b) motion on May 22, 2003, that was pending in the district trial court until June 9, 2008. She submitted the instant § 2254 action to this Court on September 26, 2008. At the most, only five months are not tolled for the purposes of 28 U.S.C. § 2244(d). Nonetheless, even if the Court were to disregard the alleged abandoned motion, the Court finds that only approximately 289 days are not tolled for the purpose of § 2244(d). Therefore, the instant action is timely under 28 U.S.C. § 2244(d).

### B. State Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

3

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

The time limitation established by Colo. Rev. Stat. § 16-5-402 is a firmly established and regularly followed procedural rule. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Section 16-5-402 provides that a defendant who has been convicted of any felony, other than a class one felony, must commence a collateral attack of the conviction within three years of the date of the conviction. As for a successive postconviction motion, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental

5

miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Ms. Burton's *pro se* status does not exempt her from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents contend that both of Applicant's claims are procedurally barred. The Court agrees with Respondents for the following reasons.

### 1. Claim One

With respect to Claim One, Respondents assert that Ms. Burton failed to raise this claim in her first postconviction motion. (Pre-Answer at 7.) When Ms. Burton asserted the claim in her second postconviction motion the district court denied the motion and the Colorado Court of Appeals, on April 12, 2007, summarily denied the appeal because the motion was procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII). Ms. Burton, in her Reply, contends that although she did not raise the ineffective assistance of counsel claim in her first postconviction motion, at the time she

filed the first postconviction motion there was no rule that she had to raise her ineffective assistance of counsel claim in that motion, because Rule 35(c)(3)(VII) had not been enacted. Applicant claims that applying Rule 35(c)(3)(VII) to her second postconviction implicates the Ex Post Facto Clause.

Article I, § 10, of the Constitution prohibits the States from passing any ex post facto Law. In *Collins v. Youngblood,* 497 U.S. 37, 41 (1990), the Supreme Court reaffirmed that the Ex Post Facto Clause incorporates "a term of art with an established meaning at the time of the framing of the Constitution." The Supreme Court also held in *Collins* that the Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.* at 43 (citations omitted). The 2004 amendment to Crim. P. 35(c) does not alter the definition of a crime or increase the punishment of a criminal act. The Ex Post Facto Clause, therefore, is not implicated, let alone infringed. Furthermore, the Court knows of no legal basis, and Applicant does not assert a legal basis, for finding a due process violation in the application of Rule 35(c)(3)(VII) to Applicant's second postconviction motion that was filed on March 23, 2006.

### 2. Claim Two

As for Claim Two, Respondents contend that Ms. Burton failed to raise her self-incrimination claim until July 24, 2008, when she filed a motion to set aside her conviction. (Pre-Answer at 8.) The motion was denied pursuant to Colo. Rev. Stat. § 16-5-402. Ms. Burton filed a request for a rehearing, which was denied, but she did

7

not file an appeal. Respondents conclude that Claim Two is both unexhausted and foreclosed by § 16-5-402. (Pre-Answer at 8.)

In her Reply, Applicant asserts that Claim Two is based on new evidence, which is the castration she suffered in July 2007 by White Supremist gang members, because she would not prostitute for the gang members. (Reply at 7.) She further claims that it was impossible for her to have predicted that she would be castrated in 2007 when she filed her original Rule 35(a) and (c) postconviction motion. (Reply at 7.)

Ms. Burton's new evidence claim does not relate to the validity of her conviction or sentence. She does not claim that the castration was a result of her requirement to reveal all past unadjudicated possible sex crimes and self-incriminate herself in order to participate in the Sex Offender Treatment Program (SOTP) so that she may be considered for possible parole. Even if the castration were a result of Applicant's revealing her sex crimes as a participant in the SOTP, the claim challenges the execution of her sentence and not the validity of her conviction or sentence and more properly is raised in a 28 U.S.C. § 2241 action once she has exhausted all state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 865-66 (10th Cir. 2000). Furthermore, to the extent that § 18-1.3-1004(3) may imply a violation of Ms. Burton's right to not incriminate herself, she was aware of possibly violations at the time of her conviction and sentence.

III. Conclusion

To the extent Ms. Burton's claims are properly raised in a § 2254 action, she no longer has an adequate and effective state remedy available to her. Rule 35 prohibits successive postconviction motions with limited exceptions that are not applicable to the

8

claims Ms. Burton failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Furthermore, Ms. Burton's conviction and sentence was final on March 13, 2003. She did not raise Claim Two until July 24, 2008, and she has failed to assert a justifiable excuse or excusable neglect for failing to raise the claim within the time allowed under § 16-5-402. Ms. Burton, therefore, fails to demonstrate either cause and prejudice for her procedural defaults or that a failure to consider her claims will result in a fundamental miscarriage of justice. The Court finds that both claims are procedurally barred and must be dismissed.

Based on the above findings, both claims will be denied as procedurally barred. Accordingly, it is

ORDERED that Application is denied and the action is dismissed for the reasons stated in this Order.

DATED at Denver, Colorado, this __7__ day of _____Jan._____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

# CERTIFICATE OF MAILING

Civil Action No. 08-cv-02179-BNB

Claudia (Claude) Burton III
Prisoner No. 116306
Arkansas Valley Corr. Facility
PO Box 1000 - Unit L/U 2
Crowley, CO 81034

John T. Lee
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/7/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk