FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 02 2009

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02179-ZLW

CLAUDIA (CLAUDE) E. BURTON III,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director C.D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Claudia (Claude) E. Burton III, on January 15, 2009, filed a *pro se* pleading titled "Petition for Redress to the . . . Order . . . Dismissing . . . Filed Habeas Corpus Application . . . ." In the Petition for Redress, Ms. Burton is asking the Court to reconsider the Court's Order of Dismissal filed in this action on January 7, 2009, denying Applicant's 28 U.S.C. § 2254 Application. The Court must construe the Petition for Redress liberally because Ms. Burton is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Petition will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. Rule 59(e) and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Ms. Burton signed, dated, and certified the mailing of the Petition on January 12, 2009, which is within ten days after the judgment was entered in this action on January 7, 2009. The Court, therefore, will consider the Petition pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action because the claims Ms. Burton asserts are procedurally barred in state court. Ms. Burton appears to assert in the Motion that she timely raised her ineffective assistance of counsel claim on at least two occasions, February 5, 2003, which is prior to her sentencing, and on June 28, 2003, but the trial court would not address the postconviction motions in which she raised the claim. She also attempts, in the Motion, to assert a new claim.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Ms. Burton fails to demonstrate some reason why the Court should reconsider and vacate the Order of Dismissal in this action. To the extent that Ms. Burton claims she raised the ineffective assistance of counsel claim on February 5, 2003, and June 28, 2003, the claim is inconsistent with the assertions she made in her Application and in her Reply. In her Application, Ms. Burton does not mention either February 5, 2003, or June 28, 2003, as dates that she filed a motion in state court challenging her conviction and sentence. Ms. Burton does assert in the Application that she raised the ineffective assistance of counsel claim in the Colo. R. Crim. P. 35(c) postconviction motion that she filed on March 22, 2006. She further concedes in her Reply that she did not assert in her first postconviction motion, filed at the earliest in May 2003, either of the two claims that she raises in the instant action.

2

Only now after the action has been dismissed does she assert that she raised the ineffective assistance of counsel claim in postconviction motions filed prior to March 22, 2006, but that the motions were not addressed by the state trial court. Ms. Burton's claims are not credible. Furthermore, Ms. Burton's attempt to raise new claims in the Motion to Reconsider is equivalent to a second or successive application under 28 U.S.C. § 2244(d). Applicant must obtain authorization for a second or successive application in the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 2244(b). *See United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006). Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that the "Petition for Redress to the . . . Order . . . Dismissing . . . Filed Habeas Corpus Application . . . ," (Doc. No. 11), filed January 15, 2009, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this 30 day of Jan., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02179-BNB

Claudia (Claude) Burton III
Prisoner No. 116306
Arkansas Valley Corr. Facility
PO Box 1000 - Unit L/U 2
Crowley, CO 81034

John T. Lee
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/2/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk